By the Court, Cowen, J.
The want of privity between the defendants and the plaintiff, makes a difference between this case and that of Allen v. Coit and others, (ante, p. 318,) which the judge properly considered as fatal to the present action. There is no pretence for saying that the defendants were parties to the bills, though they may have been considered as parties to the sale of stock for which they were drawn; and so liable to Battle in an action to recover for stock sold. The defendants were neither members of the firm of W. P. Griffith & Co., the acceptors, nor that of Griffith & Fish, the drawers, who alone could be sued as parties.
It is indeed true, as insisted by the counsel for the plaintiff, that the defendants might bind themselves by what'name they pleased; that they might do one part of their business in the name of the Troy and Erie Line, and the other in the name of the Griffith firms. (Bank of South Carolina v. Case, 8 Barn. Cress. 427.) (a) But there is no evidence that they were ever represented by those firms in any thing. They were agency firms; and the giving of their bills, we have just seen, would *324 not preclude the creditor who made advances on them from passing hy the bills and suing the principals. The evidence, however, calculated to establish that right, comes altogether short of showing that the Troy and Erie Line ever intended to hold themselves out as dealers under the name and firm of G. P. Griffith & Co.,, or Griffith & Fish. To subject them on such a signature, clear evidence should be given that they had adopted those names and intended to be bound by them. All the evidence in the case is susceptible of another and a more natural construction. The judge was right in acting upon that construction ; and a new trial is therefore denied.
New trial denied.

 See also Ex parte Bolitho, (1 Buck’s Cas. 100,) S. P.